IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | CRIMINAL NO. 24-375 JB |
| | ) | |
| vs. | ) | |
| | ) | |
| SHERYL WILLIAMS STAPLETON and | ) | |
| JOSEPH JOHNSON, | ) | |
| | ) | |
| Defendants. | ) | |

UNITED STATES' RESPONSE TO DEFENDANT SHERYL STAPLETON'S
OBJECTIONS TO THE UNITED STATES' REQUESTED JURY INSTRUCTIONS

1.      Defendant Sheryl Stapleton objects to the United States' proposed Jury Instructions 1 and 25. Defendant objects to requested "Instruction No. 1 because it identifies the specific factual circumstances of the allegations against her." Doc. 133 at 1. Defendant Stapleton "requests the Court read a limited version of the indictment which just identifies the counts charged, not the specific nature of the factual allegations supporting each count." *Id*.

Tenth Circuit Pattern Criminal Jury Instruction 1.01 (Preliminary Instructions Before Trial), upon which Instruction 1 is based, instructs that the trial judge should either "read or summarize the indictment" at the outset of the case. After an indictment or summary of the indictment is read to the jury, Instruction 1 makes clear that "[t]he indictment is simply the description of the charges made by the United States against the defendants; it is not evidence of guilt or anything else. The defendants pleaded not guilty and are presumed innocent. A defendant may not be found guilty by you unless all twelve of you unanimously find the United States has proved the defendant's guilt beyond a reasonable doubt." Doc. 127 at 9.

The superseding indictment in this case runs 22 pages long. In lieu of having the Court read the entire 22-page superseding indictment, the United States has fairly summarized and

described the allegations of the charging document as part of proposed Instruction 1. The summary should be read to the jury. In a complex case, it is fair, appropriate, and important for the jury to be meaningfully informed and understand the context of the charges the grand jury has brought at the outset of the case. If the Tenth Circuit's preliminary instruction contemplates the Court reading the entirety of the indictment to the jury at the outset of the case so that they understand it, then reading the jury a summary of the indictment beyond a bare bones recitation of the charges that Defendant Stapleton is requesting should also be acceptable. Again, immediately after the Court reads the summary, Instruction 1 makes clear that it is simply a "description of the charges" the United States has made against the defendants and "not evidence of guilt or anything else." Doc. 127 at 9.

In objecting to the United States' requested Instruction 25, Defendant Stapleton also appears to object to the Court reading the indictment to the jurors at the conclusion of the case, although she provides no additional argument in support of her position. Doc. 133 at 1. At the conclusion of the case, the entirety of the superseding indictment should be read to the jurors. To determine whether the defendants are guilty of the allegations and charges in the superseding indictment, the jury has to be fully informed of what those allegations and charges are.

2.       Defendant Stapleton also objects to the United States' requested Instruction 11 – the instruction for the jury to consider only the crimes charged in the indictment – on grounds that it should be modified to a plural version since there are two defendants. Defendant Stapleton is correct that Instruction 11 should be so modified.

3.       Defendant Stapleton next objects to the United States' requested Instruction 14, which is the instruction cautioning the jury to consider the voluntariness of any out-of-court statement by a defendant made after commission of the crimes in the indictment. Defendant

2

Stapleton objects to this instruction "to the extent the United Staes intends to use Mr. Johnson's statement to the FBI. At the *James* hearing, the government indicated that it would not introduce this statement." Doc. 133 at 1. Defendant Stapleton is correct that the United States informed the Court at the *James* hearing that "the United States is not intending to use [Defendant Johnson's statement to the FBI concerning Defendant Stapleton] in its case-in-chief." Tr. 2/18/25 at 38. For this reason, Instruction 14 may not be needed at trial. However, at the *James* hearing, the United States further maintained: "Now, certainly, if Mr. Johnson testifies, well, we've got a different trial. And then Ms. Stapleton will be perfectly well positioned to confront him about any accusations that he chooses to level upon her. But until he does that, neither of those statements[1] will be something in front of the jury whatsoever." *Id*. at 39. In other words, the *James* hearing left open the possibility that Defendant Johnson's statements to the FBI could be introduced if he chooses to take the stand, or in the United States' case on rebuttal. It is for this reason that the United States included proposed Instruction 14.

4.      Defendant Stapleton next objects to the United States' requested Instruction 18. However, based on her objection, it appears that Defendant Stapleton instead appears to have intended to object to the United States' requested Instruction 16, which is the elements instruction for accepting a bribe under 18 U.S.C. § 666(a)(1)(B). Because the Tenth Circuit lacks an elements instruction for § 666(a)(1)(B), Instruction 16 is modeled after Crim. Jury Instr. 7th Cir. 666(a)(1)(B)("Accepting a Bribe-Elements")(2025 Revisions) and Crim. Jury Instr. 7th Cir. 666(a)(1)(B)("Accepting a Bribe—Intent to be Influenced or Rewarded")(2025 Revisions).

---

[1] Here, the additional statement referenced was an affidavit Mr. Johnson had signed. Tr. 2/18/25 at 33-38.

Defendant Stapleton objects that "[t]he first element of that instruction should not include 'such as the Albuquerque Public Schools.' This provides the jury the evidence to support the element." Doc. 133 at 1. The language to which Defendant Stapleton objects comes directly from the Seventh Circuit's pattern instruction, which suggests that the name of the entity should be included as part of the first element of the instruction if the status of the entity is not in dispute. The United States was not aware that Defendant Stapleton would be disputing her status as an agent or employee of the Albuquerque Public Schools, and/or the status of APS as a local government agency, when it submitted its proposed Instruction 16. But the United States does not object if Defendant Stapleton wishes that language to be removed.

Defendant Stapleton next asserts that "[t]he term 'or reward' should be stricken from the Third element and 'or rewarded' stricken from the Fifth element and the remainder of the instruction to comply with *US v. Snyder*, 603 U.S. 1 (2024)." Doc. 133 at 2.

Defendant Stapleton is mistaken. The United States chose to model requested Instruction 16 after the Seventh Circuit's pattern jury instructions because the Seventh Circuit revised its instructions for § 666 in light of the Supreme Court's decision in *Snyder v. United States*, 603 U.S. 1 (2024). Defendant Stapleton has requested this Court to remove the statutory term "reward" from the instruction, but that is not what *Snyder* says. The changes *Snyder* required are reflected in Crim. Jury Instr. 7th Cir. 666(a)(1)(B)("Accepting a Bribe—Intent to be Influenced or Rewarded")(2025 Revisions), which the United States, in turn, has already incorporated into Instruction 16.

5.      Defendant Stapleton next objects to United States' requested Instruction 21, which is the elements instruction for Bribery Concerning Federally Funded Program-Elements")(2025 Revisions). Instruction 21 is based on Tenth Circuit Pattern Jury Instructions

Criminal 2.03 (2026)(False Statements on Income Tax Return 26 U.S.C. § 7206(1)). Defendant first focuses upon the language in the second element of the instruction, which reads as follows:

> *Second*: the return contained a false statement; <u>that is, the tax return reported that the defendant had zero taxable income whereas the defendant knew she had received the approximate amount of income as alleged in the indictment.</u>

Doc. 127 at 43.

Defendant Stapleton asserts that "[e]verything after [']false statement['] in the second element should be stricken from the second element." Doc. 133 at 2. The United States has underscored the language to which Defendant Stapleton appears to object.

The United States included the challenged language in Instruction 21 because the pattern instruction upon which Instruction 21 is based suggests such language be included. That said, the United States believes the second element of instruction 21 would be perfectly adequate without such additional language and does not object if Defendant Stapleton wants it removed.

Finally, Defendant Stapleton objects to the third to last paragraph of the jury instruction, which provides that "[t]he fact that an individual's name is signed to a return means that you may find that the tax return was in fact signed by that individual, until and unless outweighed by evidence presented which leads you to a different conclusion." Doc. 133 at 2 referencing Doc. 127 at 44. Defendant Stapleton argues that this language unconstitutionally shifts the burden to the defendant so it should be stricken. Doc. 133 at 2. It is not lost on the United States that part of Defendant Stapleton's motivation for striking this language may also relate to the fact that her tax preparer sadly passed away in April 2026. However, the language Defendant Stapleton is challenging is drawn directly from approved language in the Tenth Circuit's pattern jury

instruction and it is a correct statement of the law. The United States believes that the Court should thus instruct the Court in accord with the Tenth Circuit's pattern instruction.

There is a statutory presumption that "[t]he fact that an individual's name is signed to a return, statement, or other document shall be prima facie evidence for all purposes that the return, statement, or other document was actually signed by him." 26 U.S.C.A. § 6064. *See also United States v. Cashio*, 420 F.2d 1132, 1135 (5th Cir. 1969)(the presumption created by § 6064 is not confined to civil cases but explicitly creates a rebuttable presumption "for all purposes").

Most importantly, in *United States v. Wainwright*, 413 F.2d 796, 801–02 and n.3 (10th Cir. 1969)(abrogated on other grounds), the Tenth Circuit found no error in a jury instruction that included the following language, which is nearly identical to the language in the Tenth Circuit's current pattern jury instruction which Defendant Stapleton is challenging:

> the fact that an individual's name as signed to a return shall be prima facie evidence for all purposes that the return was actually signed by him, which is to say unless and until out weighed by evidence in the case which leads the jury to a different or contrary conclusion, the presumption is that a filed tax return was in fact signed by the person whose name appears to be signed thereto.

A burden shifting argument like the one that Defendant Stapleton is making has also been rejected by at least one other court that considered a challenge to similar language in a jury instruction. *See, e.g., United States v. Kim*, 884 F.2d 189, 195 (5th Cir. 1989).

For the above reasons, this Court should instruct the jury in accord with the statutory presumption that Congress enacted into law in 26 U.S.C.A. § 6064, and not strike the language

Defendant Stapleton is seeking to have stricken.

Respectfully submitted,

TODD BLANCHE
Acting United States Attorney General

RYAN ELLISON
First Assistant United States Attorney


*/s/ Filed Electronically*
FRED J. FEDERICI
FREDERICK T. MENDENHALL
Assistant United States Attorneys
Post Office Box 607
Albuquerque, New Mexico  87102
(505) 346-7274

I HEREBY CERTIFY that on July 20, 2026, I filed the foregoing electronically through the CM/ECF system, which caused all counsel of record to be served by electronic means, as more fully reflected on the Notice of Electronic Filing.

*/s/ Filed Electronically*
FRED J. FEDERICI
Assistant U.S. Attorney